**ORIGINAL**

**FILED**

03/10/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0152

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0152

ESTATE OF GARY JOSEPH FRIESE,

      Plaintiff, Counter-Defendant and Appellant,

v.

MARY ANN FORD,

      Defendant, Counter-Plaintiff and Appellee.

**FILED**

MAR 10 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Appellant Joseph J. Friese has filed an "Addendum to Estate's Notice of Appeal" deemed a motion for appointment of counsel. Friese states that he is currently incarcerated at the Cascade County Detention Center when he filed the Notice of Appeal and that "he desperately needs assignment of counsel to handle the complicated nature of that this case has become." He also requests an order from this Court requiring the production of transcripts "at the [S]tate's expense[.]"

Friese appeals a February 17, 2023 Judgment and Order, issued in the Ninth Judicial District Court, Pondera County. The District Court had allowed counsel for the Estate of Gary Joseph Friese (Estate) to withdraw in October 2022, and had granted the underlying defendant and counter-plaintiff Mary Ann Ford (Ford) summary judgment on her motion. The court awarded Ford specific real property at issue.

Friese is not entitled to his requests. Under Montana law, no statutory authority exists to appoint counsel for a party in a civil matter, such as this. *See* § 46-8-104, MCA. Friese provides no legal authority to surmount this barrier.

Friese is not entitled to transcripts at state expense. There is no provision in Montana law that allows transcripts to be provided in a civil matter at no cost to any appellant. Even though Friese was allowed to proceed without paying the filing fee, this

waiver does not include the costs of paying the court reporter to prepare the transcripts on appeal. M. R. App. P. 5(5); § 3-5-604, MCA. Moreover, it is not readily apparent from the order on appeal whether the Pondera County District Court held a hearing during the proceedings from which a transcript would be produced.

This Court recognizes the burden on litigants of limited means when they must come up with funds on their own to secure a transcript for appeal. An appellant, however, has the duty and bears the responsibility to make arrangements to pay the court reporter preparing the transcripts. M. R. App. P. 8(3) and 9(1). Accordingly,

IT IS ORDERED that Friese's Motion for Appointment of Counsel is DENIED.

IT IS FURTHER ORDERED that Friese's Request for the Production of Transcripts at the State's Expense is DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Joseph J. Friese along with a copy of this Court's Civil Appellate Handbook.

DATED this 10th day of March, 2023.

For the Court,

By _____
Chief Justice

2